**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**FRANCISCO FLORES,**

           **Plaintiff,**

**-vs-**                                          **Case No. 6:08-cv-1729-Orl-28KRS**

**CSS CLEAN STAR SERVICES OF
CENTRAL FLORIDA, INC.,**

           **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S UNOPPOSED RENEWED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 25)** |
| **FILED:** | **February 6, 2009** |

**I.    PROCEDURAL HISTORY.**

In August 2008, Plaintiff Francisco Flores filed a complaint against Defendant CSS Clean Star Services of Central Florida, Inc. ("CSS") in a Florida state court. Doc. No. 2. He alleged that Defendants failed to pay him overtime compensation due under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and failed to pay him wages as defined by Florida law. *Id.* In the complaint, Flores also sought pre- and post-judgment interest, attorney's fees, and costs. *Id.* CSS removed the action to this Court on October 7, 2008. Doc. No. 1.

On November 26, 2008, the parties filed a Notice of Settlement. Doc. No. 17. Pursuant to the Court's Order, Doc. No. 18, CSS filed a motion to approve the settlement, Doc. No. 19. Counsel for Plaintiff filed a verified time sheet and sworn statement as to costs and fees. Doc. Nos. 21, 23. The Court denied this motion without prejudice because the settlement agreement was not executed at the time the motion was filed, and specifically permitted the parties to refer to their earlier filings in a renewed motion. Doc. No. 25.

CSS filed its renewed motion on February 6, 2009. Doc. No. 25. As the motion is unopposed, it is ripe for consideration. In support of the motion, CSS referred to the earlier-filed Affidavit of Jose F. Garcia (Garcia Aff.), Doc. No. 23-2. The motion seeks approval of a settlement of $1,000.00 for Flores and $3,750.00 in attorney's fees and costs for Flores's attorney. Doc. No. 25 at 2.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## III. ANALYSIS.

### A. Settlement Recovery.

While Plaintiff Flores initially averred he was due $1,444.80 in unpaid overtime and liquidated damages, Doc. No. 16 at 4, CSS "adamantly denied the Plaintiff's claims, including his claims that he was an employee, that he worked overtime, and that he was entitled to liquidated damages." Doc. No. 25 at 4-5. CSS asserted Flores "rarely, if ever, worked more than 3 days each week," Doc. No. 25 at 5 n.1, and was an independent contractor, not an employee entitled to overtime pay, Doc. No. 25 at 5-6. The parties determined that, "[i]n light of the disputed issues [each party's] likelihood of success on the merits" would be uncertain. Doc. No. 25 at 5.

Flores' attorney, Jose Garcia, Esq., avers that Flores will recover the entire $1,000.00 settlement and that Flores's award will not be reduced subject to a contingent fee or other agreement between Flores and counsel. Garcia Aff. ¶¶ 10-11. Flores "voluntarily agreed to the terms of the settlement," was independently represented by counsel, and apprised of the "uncertainty of success" of his claim. Doc. No. 25 at 6; Garcia Aff. ¶ 11.

Plaintiff Flores will receive less than the amount he claimed to be owed under the FLSA. Accordingly, he has compromised his FLSA claim. The Court, therefore, must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.

B. *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Flores seeks an award of $3,750.00 for the work performed and costs incurred by his attorney, Jose Garcia, in connection with this case. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants

must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

    1.    Hourly Rate.

Attorney Garcia has been licensed in Florida since 2001. He attests that he charges his clients $300.00 per hour, Garcia Aff. ¶ 6, but he offers no independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate. As observed by the court in *Norman*, "[n]o two lawyers possess the same skills, and no lawyer always performs at the same level of skill." *Norman*, 836 F.2d at 1300. Thus, the Court's determination of the "prevailing market rate" requires an analysis beyond mere acquiescence to an attorney's assertion as to what he or she normally bills clients for his or her services.

Because Plaintiff has failed to provide evidence of the type contemplated by the Court in *Norman*, the Court must rely on its own expertise regarding the reasonable hourly rate. The Court has the benefit of the assessment by the undersigned and other judges in this district of a reasonable hourly rate for lawyers of similar experience in other FLSA cases. In general, the Court has opined that FLSA "cases typically are not complex and do not require a high degree of skill to represent the

plaintiff . . . ." *King v. FSA Network, Inc.*, No. 6:07-cv-78-ORL-22JGG, 2007 WL 3072262, at *3 (M.D. Fla. Oct.19, 2007).

This Court has previously awarded a reasonable hourly rate for attorneys with a similar experience in this type of FLSA case of $250.00 per hour. *E.g.*, *Fischer v. Taylor Morrison Servs., Inc.*, No. 8:08-cv-865-T-30TBM, 2008 WL 4790520 (M.D. Fla. Oct. 30, 2008)($250.00 hourly rate reasonable for attorney admitted to practice in 2001). Absent evidence to support a higher hourly rate, I conclude that $250.00 is a reasonable hourly rate for Attorney Garcia's work in this case.

           2.      Reasonable Number of Hours.

Flores submitted a time statement from Attorney Garcia detailing the work Garcia performed in this case. Doc. No. 23-2 at 1-4. Garcia attests that the entries on or before November 26, 2008, were made contemporaneously. *Id.* at 2 n.1. He further avers that he expended 14.9 hours of attorney time on or before that date.[2] Having reviewed each of these entries, I find that this 14.9 hours of attorney time was reasonably expended on the litigation.

Garcia attests that entries after November 26, 2008, were not contemporaneously recorded, *id.*, but that he spent "significant amount[s] of time" on the case after that date. *Id.* The time sheet reflects 7.1 hours expended between December 19, 2008 and January 23, 2009. The final entry on the time log for 1.8 hours is labeled "TBD," indicating Attorney Garcia may not have expended this time. Doc. No. 23-2 at 3. Garcia averment that he spent a significant amount of time on the case accompanied by what appears to be an estimate of some of that time does not set out those hours with "sufficient particularity so that the district court can assess the time claimed for each activity."

---

[2] The time entries from August 4, 2008, through November 26, 2008, submitted reflect a total of 16.7 hours expended. Doc. No. 23-2 at 1-4.

*Norman*, 836 F.2d at 1303. Accordingly, the Court would deduct the 8.9 hours listed on the time sheet for the period after November 26, 2008.

Therefore, the lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| Jose F. Garcia | $250.00 | 14.9 | $3,725.00 |

      3.     Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorney's fees–shall be allowed as of course to the prevailing party unless the court otherwise directs." In FLSA cases, the award of costs is made in accordance with 28 U.S.C. § 1920. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). A district court may not award costs in excess of those permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920). In exercising its discretion to award costs allowed by § 1920, a district court must identify the reasons for denying some or all costs to a prevailing party. *Head*, 62 F.3d at 354. The following are the allowable costs as set forth in 28 U.S.C. § 1920:

      (1)     Fees of the clerk and marshal;
      (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
      (3)     Fees and disbursements for printing and witnesses;
      (4)     Fees for exemplification and copies of papers necessarily obtained for use in the case;
      (5)     Docket fees under 28 U.S.C. § 1923;
      (6)     Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Flores seeks an award of costs in the amount of $310.00 for reimbursement for the filing fee and $35.00 for the costs of serving process in this case. Flores Aff. ¶ 2. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

Flores also seeks $62.50 in photocopy charges. "Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Desisto College, Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989))(citing *Fressell v. AT&T Technoligies, Inc.*, 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F. 2d 267 (11th Cir. 1990). Copies obtained for the convenience of counsel, including extra copies of filed papers, correspondence, and copies of cases, are not allowed. *Desisto*, 718 F. Supp. at 913 (citing *Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988), and *Fressell,* 103 F.R.D. at 116). The burden of proof for copying expenses is on the moving party because the cost is within the exclusive knowledge of the moving party. *Desisto*, 718 F. Supp. at 910 n.1. In this case, Flores offered no

evidence of the reason for incurring the photocopy charges. He has, therefore, failed to sustain his burden of proving that these charges are taxable costs.

Flores also seeks $17.40 in postage charges. Postage is not a recoverable cost. *DeSisto*, 718 F. Supp. at 914.

Accordingly, $345.00 of the costs incurred are taxable.

Because the reasonable attorney's fee and taxable costs exceed the amount Garcia will receive under the settlement agreement, I find that the agreed amount of attorney's fees and costs did not improperly influence the amount Flores will receive under the settlement agreement.

*C.    Fairness Finding.*

This case involved legal and factual issues disputed by the parties. *See* Section III. A. *supra*. Each side was represented by counsel, and all parties voluntarily agreed to the settlement amount. The settlement includes a reasonable attorney's fee. Accordingly, I find the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that the settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement, which is partially unenforceable in light of the public filing of the agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court **GRANT** the Defendant's Unopposed Renewed Motion for Approval of Settlement Agreement, Doc. No. 25. I further recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354.

2. **ORDER** Garcia to allocate any funds recovered from CSS first to Flores until he receives the agreed $1,000.00, and only thereafter to attorney's fees and costs.

3. **PROHIBIT** counsel for Flores from withholding any portion of the $1,000.00 payable to Flores under the settlement agreement pursuant to a fee agreement or otherwise;

4. **ORDER** Attorney Garcia to provide a copy of the Court's Order to Plaintiff;

5. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

6. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE